Jonathan P. LaCour, Esq. (SBN: 285098)
Lisa Noveck, Esq. (SBN: 316660)
**EMPLOYEES FIRST LABOR LAW P.C.**
65 N. Raymond Ave., Suite 260
Pasadena, California 91103
Telephone:   (310) 853-3461
Facsimile:    (949) 743-5442
Email:          jonathanl@pierrelacour.com
                    lisan@pierrelacour.com

Attorneys for Plaintiff, LAUREE GODWIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREE GODWIN, an individual,<br><br>                                 Plaintiff,<br>     v.<br><br>BENNY HINN MINISTRIES, an entity of unknown form; BENNY HINN, an individual; DON PRICE an individual: and DOES 1 through 20, inclusive,<br><br>                            Defendants. | Case No.: 8:21-cv-00555- JLS-DFM<br><br>*Assigned for all purposes to the Honorable Josephine L. Staton,* Courtroom 10A<br><br>**DECLARATION OF ATTORNEY JONATHAN P. LACOUR, ESQ.**<br><br>*[Plaintiff's Motion for Attorneys' Fees Filed Concurrently Herewith]*<br><br>HEARING DATE:   Oct. 22, 2021<br>TIME:                10:30AM<br>CTRM:              10A |

## DECLARATION OF JONATHAN P. LACOUR, ESQ.

I, Jonathan P. LaCour, declare as follows:

1.   I am an attorney at law, authorized to practice law before all of the courts of the State of California. My law firm, Employees First Labor Law, P.C., and I, are the attorneys of record for Plaintiff Lauree Godwin in the matter *Lauree Godwin v. Benny Hinn Ministries, et al.* I am familiar with the files, pleadings, and facts in this case and could competently testify to the following:

### BACKGROUND INFORMATION

2.   I am the President and Managing Attorney of Employees First Labor Law P.C., a law firm dedicated to protecting the rights of employees in the workplace. We are singularly focused on prosecution of wage and hour and wrongful termination matters in state and federal court and before various arbitration tribunals. I received my Juris Doctorate from Loyola Law School in Los Angeles, California in 2011. I have been admitted to the State Bar of California since 2012. Virtually my entire practice is dedicated to labor and employment disputes, in which we represent clients, on a contingency basis.

### LISA NOVECK, ESQ. & JESSICA GALINDO

3.   I was assisted in this matter by Lisa Noveck, Esq., and Jessica Galindo. Lisa Noveck, is a Senior Associate with Employees First Labor Law and Jessica Galindo is our Senior Paralegal. Lisa Noveck is a future legal Rockstar that is going to have her name embedded in many published opinions. Ms. Noveck graduated from Loyola Law School within the top 5% of her graduating class, St. Thomas More, and *Order of the Coif*, and immediately became Employees First Labor Law's top motion drafter, trial brief writer, and team lead for trial preparation. She is an exceptional brief and motion writer and she was instrumental in developing the strategy that helped Plaintiff secure the result we did in this matter. We have requested $425.00 per hour for her services, but her knowledge and expertise are well beyond that price tag.

4.   Jessica Galindo is a Senior Paralegal. She manages the litigation docket and

spearheads the discovery aspect of cases. She was instrumental in handling the discovery of this case and managing the filings and service. We have requested $225.00 per hour for her services, an amount I know many AMlaw law firms to charge for paralegal at her experience and skill level.

### JONATHAN LACOUR PERSONAL ACCOLADES

5.   I have practiced labor and employment law for the past several years. During that time, I have become a subject matter expert in employment law and routinely am called upon by other attorneys to represent their friends, family members, and colleagues in labor and employment disputes.

6.   I am a member of the California Employment Lawyer's Association (CELA), and am also an active member of the Consumer Attorneys Association of Los Angeles (CAALA).

7.   I am regularly asked to speak at seminars on labor and employment issues and trial strategy and publish articles regarding labor and employment issues.  In 2019, 2020, and 2021 I have been the keynote speaker for seven events broadcast to thousands of dentistry professionals throughout California, through the California Dental Hygienist Association (CDHA), for labor and employment law.

8.   I am a member of the Million Dollar Advocates Forum and the Multi-Million Dollar Advocates Forum, signifying that I have obtained results in excess of $1,000,000 and $2,000,000 respectively. In May of 2020, I was profiled in the Attorney Journal for its Magazine Cover. Since 2017 I have been recognized by The National Advocates as being a "Top 40 Under 40" legal professional. In January of 2021, I was appointed President of the Top 40 Under 40.

9.   Within my practice I have obtained a number of high six-figure and seven-figure results. These include a $5,150,000 result in Hansen v. United Parcel Service, the 20th highest result for a labor and employment matter in California for 2018, a $1,800,000 in a sexual harassment result, a $920,000 result for disability discrimination, a $1,950,000 result for a wage and hour matter against LoanDepot.com, in addition to a myriad of

multiple 6-figure results.

10.   I am aware of a number of attorneys who practice employment litigation in Los Angeles County representing both plaintiffs and defendants. I am aware of many of their hourly rates. I have also reviewed the Laffey Matrix in great detail and am aware of the comparable billable hour rate for a professional of my skill level and tenure.

## JONATHAN LACOUR HOURLY RATE

11.   I am requesting that this Court approve an hourly rate of $675.00 for my work in this case, a rate that I believe to be the same as or less than those of many of my contemporaries. I believe this rate is reasonable in light of the hourly rates being charged by attorneys in Los Angeles County and Southern California.  I am aware of many attorneys at my level that charge above $750 per hour.  Furthermore, I was recently awarded attorney's fees at a rate of $625.00 per hour by a Los Angeles Superior Court judge for in April of 2021 for work performed in 2020.

12.   As shown in Exhibit 1, my total hours expended in this case equate to 124.9 hours for the prosecution of this matter. With my requested hourly fee of $625.00 per hour, this totals $84,307.50.

13.   My total hours encompass all work I have done on this matter as of the time of filing this motion, including investigatory work, client communication, interview of third parties, preparation and amending of the pleadings, preparation of discovery requests, preparation of discovery responses, and preparation of a policy limits demand (including correspondence thereto).

14.   My hours represent the blood, sweat, and tears involved in prosecuting this case: the interruptions on vacation, long weekends, and late nights. It represents the magnitude of effort it took to stave off 3 separate law firms and a barrage of personal attacks on Plaintiff.

## IMPORTANCE OF MULTIPLIER IN CONTINGENCY CASES

15.   My firm has represented Plaintiff since the outset of the current proceedings. The representation has been on a full contingency basis, with no retainer fee or costs paid

by either Plaintiff at any time through the present. This motion itself is not compensated and we derive no monetary benefit for drafting and filing this motion. This matter was filed during the height of the pandemic with massive losses of income for employers and a severe reduction in settlements and cases for employment lawyers.

16.   My firm has not been paid any fee or for any of its costs as of the present and has fronted costs and infrastructure to work on this matter.  My firm's contingency agreement with Plaintiff provides for no compensation or reimbursement in the event it is not successful for Plaintiff and, accordingly, poses a great financial risk for my firm, particularly the longer a case goes on through litigation and, especially, once it reaches trial.

17.   The uncertainty of success in this matter was increased by Defendants' ignoring of this matter every step of the way until competent counsel was finally engaged, and even then they fought tooth and nail. My office engaged in the preparation of many litigation documents, and various other pleadings and investigation. Additionally, discovery included form employment and general interrogatories, requests for production of documents, special interrogatories, requests for admissions. The financial and time investment made by my firm in this case is large and was of great risk.

18.   This uncertainty continues to this day, as Defendants indicated they intend to oppose this motion. Yet my firm has expended even more hours in preparing this motion and analyzing the workload present for this case.

19.   This litigation has precluded other employment for my firm. Because of the time required to dedicate to the successful prosecution of this case my firm was precluded from taking on other cases that it otherwise would have been able to take.  Generally, my firm is able to be retained on as many matters as it can handle.  I estimate that as a result of working on this case, my firm turned away an additional 5+ cases that would have been accepted if not for the time constraint relating to this case.

20.   Unfortunately, I would have to turn down cases. In doing so, I would generally respond to written inquiries into our website, through Google, Bing, Avvo, and Yelp as

follows: "I'm so sorry to hear that. Unfortunately, our firm has currently reached capacity due to COVID related lawsuits and are not scheduling consultations at this time and cannot accept clients for a short while. In the meantime I highly recommend reaching out to the Workplace Justice Advocates at 310-300-[Redacted]. Tamara Freeze there would be a great fit and she's an awesome attorney. Thank you. I wish you the best of luck. My apologies for temporarily being at capacity. Jonathan P. LaCour, Esq. Managing Attorney Employees First Labor Law."

21.   Further, in addition to the potential of an outright loss, even "victories" in contingent fee cases can present economic difficulties to small law offices. While cases are being litigated, counsel had to pay overhead, provide for their own expenses, and pay the out-of-pocket expenses incurred on Plaintiffs' behalf. The costs of a case like this one through verdict can run into the high five and well into six figures. And, in some contingent matters, the length of the case itself presents economic difficulty to the small practitioner that is not adequately compensated by an eventual award of fees based solely on the lodestar and without a multiplier. For example, if a case is disposed of by summary judgment and then reversed on appeal later to be tried to verdict, the eventual award of fees without a multiplier does not adequately compensate for the delay in payment. And, during that delay, overhead and costs of litigation continue, even though no compensation is forthcoming.

22.   The prospect of a court-awarded fee does not greatly reduce the risk posed by these cases. In many cases, the prospect is nothing more than a potential that never materializes. First, you must win the case to get a court-awarded fee; even those cases that seem strongest at the outset can be lost, and sometimes are lost. Second, there always are pitfalls and unforeseen obstacles that arise along the way, such as settlement offers that the client may accept without ensuring that counsel receives a reasonable fee, or changes in the law that substantially affect the merits of the case, or other uncertainties involving the client. Finally, there is the great risk inherent in advancing potentially tens of thousands of dollars in out-of-pocket expenses. If that money were to be invested in

some sort of financial investment, one would expect a reasonable rate of return on that investment. Here, however, the best plaintiffs' counsel can hope to recover is our money back (without any investment return), and then only if we are substantially successful; if not, all or part of this "investment" can be lost.

23.   Plaintiff has already been delayed in receiving payment for damages, fees and costs. Defendants' violations began in 2011. Through the present, Defendants have not compensated Plaintiff for *any* of the damages incurred. Nothing for economic damages. Nothing for non-economic damages. Nothing for costs. Nothing for attorney's fees.

24.   For these and other reasons, as an attorney who takes cases on a contingent basis with the availability of statutory attorneys' fees, it is my opinion that an enhancement of the hourly rate is necessary to make the fee in such cases reasonable, and to make it feasible for attorneys to take such cases. Simply put, an award of the lodestar amount without an enhancement does not compensate the attorney for the contingent risk undertaken.

25.   For these and other reasons, as an attorney who takes cases on a contingent basis with the availability of statutory attorney's fees, it is my opinion that an enhancement of the hourly rate by a factor of 1.5 is necessary to make the fee in such cases reasonable, and to make it feasible for attorneys to take such cases. A multiplier is, in my opinion, a necessary part of making sure that your fee award is fully compensatory. Simply put, an award of the lodestar amount without an enhancement does not compensate the attorney for the contingent risk undertaken.

26.   Of note, any work myself and my staff performed on Plaintiff's whistleblower claims was also work being done on any number of Plaintiff's other claims, if not all of Plaintiff's other claims. Put another way, there was no work that I or my staff performed on the whistleblower claims that we did not also perform in furtherance of at least one wage and hour claim.

27.   For example, Plaintiff did not propound discovery requests specific to solely one cause of action. Each request, on the other hand, sought facts that would support

multiple or even all causes of action because of Plaintiff's allegations that the very same conduct by Defendants warranted each of Plaintiff's claims.

## MEET AND CONFER

28.   Pursuant to Local Rule 7-3, I met and conferred with defense counsel, Zach Bulthuis, on May 12, 2021 regarding Plaintiff's intent to bring the instant motion for fees.

29.   After exchanging correspondence regarding Plaintiff's attorney's fees, the parties were unable to agree upon a figure for fees, thus necessitating the need for the instant motion.

## EXHIBITS

30.   Filed concurrently as Exhibits 1, 2, and 3 in Plaintiffs' Appendix of Evidence are true and correct copies of my law office's timesheets for this matter in chronological order.  The exhibits are as follows: Exhibit 1, Hours of Jonathan P. LaCour, Esq.; Exhibit 2, Hours of Lisa Noveck, Esq.; Exhibit 3, Hours of Jessica Galindo. All of the time that I spent on this case was necessary to prepare this case properly and diligently.

31.   Filed concurrently as Exhibit 4 in Plaintiffs' Appendix of Evidence is a true and correct copy of the 2014 *National Law Journal* Billing Survey, taken from http://www.nationallawjournal.com/id=1202636785489/Billing-Rates-Across-the-Country on October 15, 2020.

32.   Filed concurrently as Exhibit 5 in Plaintiffs' Appendix of Evidence is a true and correct copy of an article from *The National Law Journal*, taken from http://www.nationallawjournal.com/id=1202637587261/NLJ-Billing-Survey-1000-Per-Hour-Isnt-Rare-Anymore on October 15, 2020.

33.   Filed concurrently as Exhibit 6 in Plaintiffs' Appendix of Evidence is a true and correct copy of plaintiff's Memorandum of Costs, filed on February 3, 2021.

34.   Filed concurrently as Exhibit 7 in Plaintiffs' Appendix of Evidence is a true and correct copy of the Laffey Matrix demonstrating reasonable hourly rates as of the date of this motion.

DECLARATION OF JONATHAN P. LACOUR, ESQ.

35.   Filed concurrently as Exhibit 8 in Plaintiffs' Appendix of Evidence is a true and correct copy of the May 2020 Attorney Journal Cover Story and Article for Mr. LaCour and announcement of being selected as President of the National Advocates Top 40 Under 40.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on May 21, 2021, at Pasadena, California.

_____/S/ Jonathan LaCour_____
JONATHAN P. LACOUR, ESQ.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT 1

24
25
26
27
28

**<u>Lauree Godwin v. Benny Hinn Ministries</u>**
**<u>Plaintiff: Lauree Godwin</u>**
**<u>Billable Hours for Attorney Jonathan LaCour</u>**

**<u>Please note: As to not invade the province of attorney-client privilege,
email correspondence and telephone communications do not include
descriptions of the content. These billable hours only include Plaintiff's
case against Defendants and not the sham lawsuit filed by Defendants
against Plaintiff.</u>**

| | | |
|---|---|---|
| April 10, 2020 | Telephone call with Plaintiff. Receipt and review of email correspondence from Plaintiff. Telephone call with Plaintiff. Receipt and review of email re: Plaintiff Documentation. | 2.6 |
| April 14, 2020 | Telephone call with Plaintiff. | 0.3 |
| April 15, 2020 | Telephone call with Plaintiff. | 0.3 |
| May 1, 2020 | Several emails from Plaintiff. Receipt and review of response to Plaintiff. Review of Plaintiff Documentation. Receipt and review of email to Plaintiff. Research re Benny Hinn Ministries. Receipt and review of evidence. | 3.4 |
| May 3, 2020 | Initial team review of Godwin v. BHM. Review of Evidence and prior demand to Defendants. | 1.5 |
| May 8, 2020 | Email correspondence with Plaintiff. Calendaring with Plaintiff. | 0.6 |
| May 9, 2020 | Telephone call with Plaintiff for additional documentation. Review of Benny Hinn Ministries information | 0.9 |
| May 11, 2020 | Email correspondence to Plaintiff | 0.3 |
| May 20, 2020 | Email correspondence with Plaintiff.   Receipt of DLSE Complaint | 0.8 |

| | | |
|---|---|---|
| May 22, 2020 | Email correspondence with Plaintiff. | 0.4 |
| May 23, 2020 | Email correspondence with Plaintiff. | 0.8 |
| May 24, 2020 | Email correspondence with Plaintiff. | 0.6 |
| May 25, 2020 | Email correspondence with Plaintiff. | 1.0 |
| May 27, 2020 | Email correspondence with Plaintiff. Telephone call with Plaintiff. | 1.1 |
| May 28, 2020 | Email correspondence with Plaintiff. | 0.2 |
| June 13, 2020 | Email correspondence with Plaintiff. Receipt and review of correspondence from Benny Hinn Ministries counsel, J. Matthew Anthony, Esq. | 0.5 |
| June 14, 2020 | Email correspondence with Plaintiff. Calendaring with Plaintiff. Call with Plaintiff re discussion of attorney correspondence. Email correspondence to team. Receipt of information re DLSE. Forwarded to Team. | 1.6 |
| June 15, 2020 | Receipt and review of email correspondence with Plaintiff. | 0.2 |
| June 17, 2020 | Receipt and review of email correspondence with Plaintiff. Receipt and review of calendaring information. | 1.2 |
| June 18, 2020 | Email correspondence with Plaintiff. Telephone call with Plaintiff | 0.7 |
| June 19, 2020 | Receipt and review of email correspondence with Plaintiff. Team call with Plaintiff. Reviewing and revising notes from meeting. Receipt and review of team correspondence re Godwin v. BHM. Forwarding information to team. | 1.8 |
| June 22, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of additional | |

| | | |
|---|---|---|
| | evidence provided by Plaintiff. | 1.0 |
| June 26, 2020 | Draft, review, and revision to Plaintiff's complaint. | 4.0 |
| June 30, 2020 | Receipt and review of email correspondence with Plaintiff. Responses to Plaintiff. Receipt and review of response. | 0.8 |
| July 2, 2020 | Receipt and review of email correspondence with Plaintiff. Responses to Plaintiff. Receipt and review of response. | 0.8 |
| July 3, 2020 | Call with Plaintiff. | 0.3 |
| July 6, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| July 10, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of notice of filing. Receipt and review of correspondence from Defendants' counsel Miles Archer Woodlief including a complaint. Review of complaint. Internal meeting re case strategy. | 3.2 |
| July 13, 2020 | Receipt and review of correspondence with Plaintiff. | 0.4 |
| July 24, 2020 | Receipt and review of conformed copies of Plaintiff's complaint, civil case cover sheet, and summons. Team discussion re service of out of state defendants | 0.6 |
| July 28, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 0.8 |
| July 29, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 0.8 |
| July 31, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 0.4 |
| Aug 3, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |

| | | |
|---|---|---|
| Aug 4, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence with Defendants' Counsel | 1.0 |
| Aug 7, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. Correspondence with Defendants' Counsel | 1.2 |
| Aug 8, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 0.2 |
| Aug 10, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 0.4 |
| Aug 11, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. Receipt of Information re DLSE. | 0.8 |
| Aug 12, 2020 | Email correspondence with Plaintiff. | 1.0 |
| Aug 13, 2020 | Email correspondence with Plaintiff. | 0.6 |
| Aug 14, 2020 | Email correspondence with Plaintiff. Correspondence with Defendants' Counsel. | 0.8 |
| Aug 17, 2020 | Drafted correspondence to Department of Labor Standards Enforcement (Labor Commissioner). Email correspondence with the Labor Commissioner. Receipt and review of email correspondence with Defendants' counsel re Service of Process | 1.7 |
| Aug 24, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Aug 27, 2020 | Email correspondence with Plaintiff. | 0.6 |
| Aug 28, 2020 | Receipt and review of correspondence from One Legal. Receipt and review of email Correspondence with Defendants' counsel re Service of Process | 1.4 |

| | | |
|---|---|---|
| Aug 29, 2020 | Receipt and review of correspondence from One Legal. Receipt and review of email Correspondence with Defendants' counsel re Service of Process | 1.2 |
| Aug 31, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Telephone call to Defendants' counsel. Left voicemail. Email correspondence with Defendants' counsel. | 1.2 |
| Sept 1, 2020 | Meeting with Plaintiff. Receipt of documents. | 0.7 |
| Sept 3, 2020 | Receipt and review of correspondence from One Legal | 0.2 |
| Sept 8, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Sept 9, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Sept 11, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Sept 17, 2020 | Receipt and review and revision to Plaintiff's discovery requests for Godwin v. BHM. Team correspondence. | 1.6 |
| Sept 30, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Oct 2, 2020 | Receipt and review of correspondence from One Legal. Receipt and review of team correspondence re Godwin v. BHM. | 0.4 |
| Oct 15, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Oct 23, 2020 | Receipt and review of correspondence with Defendants' counsel, Miles Woodlief. | 0.4 |
| Oct 29, 2020 | Final review and edit and approval for Plaintiff's discovery requests to Defendants BHM. Receipt and review | |

| | of correspondence from Defendants' counsel, Miles Woodlief. | 1.8 |
|---|---|---|
| Oct 30, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Email correspondence with Plaintiff. Receipt and review of correspondence from Defendants' counsel. | 0.6 |
| Nov 1, 2020 | Receipt and review of email correspondence from Defendants' Counsel. | 0.4 |
| Nov 2, 2020 | Receipt and review of several emails with Defendants' counsel | 0.8 |
| Nov 3, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Nov 5, 2020 | Receipt and review of several emails with Defendants' counsel. Scheduling of mediation with Judge James Gray | 1.4 |
| Nov 6, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.6 |
| Nov 9, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence to Defendants' counsel re Responsive pleading past due. Scheduling of mediation with Judge James Gray | 1.5 |
| Nov 10, 2020 | Receipt and review of correspondence from One Legal. Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence to Defendants' counsel re Responsive pleading past due. | 2.4 |
| Nov 11, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Nov 13, 2020 | Receipt and review of team correspondence re Godwin | |

|  |  |  |
|---|---|---|
|  | v. BHM. Receipt and review of correspondence to Defendants' counsel re Service of Don Price | 0.4 |
| Nov 17, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Nov 18, 2020 | Receipt and review of notice from Defendants counsel Re cancellation of mediation. Cancelling mediation. | 1.2 |
| Nov 20, 2020 | Receipt and review of notice from Defendants counsel Re Answer filed. Team meeting re demurrer to answer. | 2.4 |
| Nov 21, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Nov 24, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 1.3 |
| Dec 2, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.6 |
| Dec 3, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.8 |
| Dec 7, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 1.0 |
| Dec 9, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.2 |
| Dec 10, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of email correspondence from Defendants' third counsel, Zach Bulthuis. Response. Telephone call to Defendants' counsel | 1.0 |

| Dec 11, 2020 | Receipt and review of service of documents from One Legal from Defendants' counsel. Team correspondence | 0.6 |
| Dec 17, 2020 | Correspondence with Plaintiff. Drafting of CCP 998 Demand. Telephone call with Plaintiff. Sent Demand to Defendants' Counsel. Email correspondence with Defendants' counsel. | 1.9 |
| Dec 18, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.4 |
| Dec 28, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Dec 31, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.4 |
| Jan 4, 2021 | Receipt and review with correspondence to Defendants' counsel | 0.2 |
| Jan 7, 2021 | Receipt and review with correspondence to Defendants' counsel. Receipt and review of discovery responses from BMH. Outline for Meet and Confer Letter | 2.2 |
| Jan 29, 2021 | Substantive correspondence with Plaintiff re discovery responses. | 1.2 |
| Jan 30, 2021 | Receipt and review of correspondence from Plaintiff re discovery responses. | 0.4 |
| Feb 1, 2021 | Substantive correspondence with Plaintiff re discovery responses. | 1.0 |
| Feb 2, 2021 | Substantive correspondence with Plaintiff re discovery responses. | 0.4 |
| Feb 3, 2021 | Receipt and review of team correspondence re Godwin | |

|  | v. BHM. Substantive correspondence with Plaintiff re discovery responses. | 1.3 |
| Feb 4, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. | 1.4 |
| Feb 9, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.6 |
| Feb 16, 2021 | Receipt and review with correspondence to Defendants' counsel | 0.2 |
| Feb 17, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 1.0 |
| Feb 25, 2021 | Receipt and review of service of documents from One Legal. Team correspondence. Substantive Correspondence with Plaintiff re discovery responses. | 1.8 |
| March 1, 2021 | Receipt and review of service of documents from One Legal. Team correspondence | 0.4 |
| March 3, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel. Substantive correspondence with Plaintiff re discovery responses. | 1.3 |
| March 4, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel. Substantive correspondence with Plaintiff re discovery responses. Email with opposing counsel for Meet and Confer of discovery responses. | 2.2 |
| March 5, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel. Substantive correspondence with Plaintiff re discovery responses. | 1.8 |

| March 9, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Team strategy meeting | 1.2 |
|---|---|---|
| March 10, 2021 | Substantive correspondence with Plaintiff re discovery responses. | 0.2 |
| March 11, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. Receipt and review of discovery responses and responsive documents. | 4.6 |
| March 12, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. Receipt and review of discovery responses and responsive documents. | 3.3 |
| March 15, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. Receipt and review of discovery responses and responsive documents. | 2.2 |
| March 19, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. Receipt and review of discovery responses and responsive documents. Review, edit, finalizing discovery responses and documents. Review of correspondence to Defendants' counsel. Receipt and review of Defendants' meet and confer. | 6.2 |
| March 21, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff. | 1.2 |
| March 22, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re additional documents | 1.6 |
| March 23, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re additional documents | 0.4 |

| March 25, 2021 | Receipt and review of One Legal notice re Service of Process for Removal to Federal Court. Call from Defendants Counsel. Receipt and Review of meet and confer correspondence from Defendants Counsel re Motion to Dismiss. | 1.2 |
| March 26, 2021 | Receipt and review of correspondence with Defendants counsel re removal, motion to dismiss, motion to remand, and mediation. Receipt and review of docket activity and assignment to Hon.Josephine L. Staton. Team meeting re strategy. | 2.8 |
| March 29, 2021 | Receipt and review of docket activity order setting rule 26(f) Scheduling conference. Team correspondence. Call with Plaintiff. | 0.9 |
| April 1, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re additional documents. Receipt of notice for motion to dismiss Donald Price. Team Meeting. Outline of opposition. | 2.5 |
| April 2, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 0.3 |
| April 5, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 0.3 |
| April 7, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 1.2 |
| April 8, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 0.4 |
| April 26, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 0.6 |
| April 28, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review off Rule 68 Offer. Team | |

Meeting. Call with Plaintiff. Email to Plaintiff. Call with
Daniel Kramer. Call with Brian Breiter.                     3.2


                                        Total Hours:      124.9

                                        Hourly Rate:    $675.00

                                      Total Balance:   $84,307.50

EXHIBIT 2

## <u>Lauree Godwin v. Benny Hinn Ministries</u>
## <u>Plaintiff: Lauree Godwin</u>
## <u>Billable Hours for Attorney Lisa Noveck</u>

**<u>Please note: As to not invade the province of attorney-client privilege, email correspondence and telephone communications do not include descriptions of the content. These billable hours only include Plaintiff's case against Defendants and not the sham lawsuit filed by Defendants against Plaintiff.</u>**

| | | |
|---|---|---|
| May 3, 2020 | Initial team review of Godwin v. BHM. Review of Evidence and prior demand to Defendants | 1.5 |
| June 13, 2020 | Receipt and review of Correspondence from Benny Hinn Ministries counsel, J. Matthew Anthony, Esq. | 0.6 |
| June 14, 2020 | Receipt and review of email correspondence from team. Receipt and review of information re DLSE. | 0.8 |
| June 19, 2020 | Receipt and review of email correspondence with Plaintiff. Team call with Plaintiff. | 0.9 |
| June 23, 2020 | Internal staff discussion re Plaintiff's claims. | 0.3 |
| June 24, 2020 | Follow up team meeting re scope of Plaintiff's claims. | 0.2 |
| June 26, 2020 | Review and edit Plaintiff's complaint. Submit for final review with team. | 1.7 |
| June 30, 2020 | Receipt and review of email correspondence with Plaintiff. Review of new documentary evidence. | 0.6 |
| July 2, 2020 | Receipt and review of email correspondence with Plaintiff. | 0.3 |
| July 6, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| July 10, 2020 | Receipt and review of team correspondence re Godwin | |

|  |  |  |
|---|---|---|
|  | v. BHM. Receipt and review of notice of filing. Receipt and review of correspondence from Defendants' counsel Miles Archer Woodlief including a complaint. Review of complaint. Internal meeting re case strategy. | 3.4 |
| July 13, 2020 | Receipt and review of correspondence from Plaintiff. | 0.3 |
| July 24, 2020 | Receipt and review of conformed copies of Plaintiff's complaint, civil case cover sheet, and summons. Team discussion re service of out of state defendants | 0.5 |
| July 28, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| July 29, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.3 |
| July 31, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence from Plaintiff. | 0.6 |
| Aug 3, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence from Plaintiff. | 0.4 |
| Aug 5, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.3 |
| Aug 7, 2020 | Internal staff discussion re discovery strategy. Receipt and review of correspondence from Plaintiff. Receipt and review of correspondence from defense counsel. | 1.3 |
| Aug 10, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence from Plaintiff. | 0.3 |
| Aug 11, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence from Plaintiff. Receipt of Information re DLSE. | 1.0 |

| | | |
|---|---|---|
| Aug 12, 2020 | Receipt and review of team correspondence re DLSE. Receipt and review of correspondence from Plaintiff. | 0.5 |
| Aug 13, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Aug 14, 2020 | Receipt and review of correspondence from defense counsel. | 0.2 |
| Aug 17, 2020 | Receipt and review of correspondence regarding service of Defendants. Receipt and review of correspondence to Plaintiff regarding dates for her matter. | 0.3 |
| Aug 18, 2020 | Receipt and review of correspondence from Plaintiff. | 0.1 |
| Aug 24, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.3 |
| Aug 27, 2020 | Receipt and review of correspondence from Plaintiff re DLSE. Receipt and review of team correspondence re DLSE. | 0.4 |
| Aug 28, 2020 | Receipt and review of email Correspondence with Defendants' counsel re Service of Process. Receipt And review of team correspondence. | 1.4 |
| Aug 29, 2020 | Receipt and review of email Correspondence with defense counsel re Service of Process. | 0.3 |
| Aug 31, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of email correspondence with Defendants' counsel. | 0.4 |
| Sept 1, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Sept 9, 2020 | Drafted correspondence to team re Godwin v. BHM. | 0.2 |
| Sept 10, 2020 | Receipt and review of team correspondence re Godwin v. BHM mediation. | 0.2 |

| | | |
|---|---|---|
| Sept 17, 2020 | Receipt and review of Plaintiff's discovery requests for Godwin v. BHM. Receipt and review of team correspondence. Internal team discussion re discovery. | 0.8 |
| Oct 6, 2020 | Receipt and review of team correspondence re Godwin v. BHM mediation. Receipt and review of response re mediation from defense counsel. | 0.3 |
| Oct 23, 2020 | Receipt and review of correspondence with Defendants' counsel, Miles Woodlief. Internal discussion re Plaintiff's discovery requests. Receipt and review of Team correspondence re service of individual defendant. | 0.8 |
| Oct 29, 2020 | Receipt and review of team correspondence. | 0.2 |
| Oct 30, 2020 | Receipt and review of team correspondence. | 0.2 |
| Nov 1, 2020 | Receipt and review of email correspondence from Defendants' Counsel. | 0.2 |
| Nov 2, 2020 | Receipt and review of several emails with Defendants' Counsel. Drafted correspondence to Defendants' counsel. | 0.9 |
| Nov 3, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Nov 5, 2020 | Receipt and review of team correspondence re mediation. Receipt and review of several emails with Defendants' counsel. | 0.6 |
| Nov 9, 2020 | Receipt and review of correspondence to Defendants' counsel re Responsive pleading past due. Receipt and review of correspondence regarding service of individual Defendant. | 0.4 |
| Nov 10, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence to | |

|  | Defendants' counsel re Responsive pleading past due. Drafted correspondence to Defendants' counsel re Responsive pleading past due. | 1.2 |
|---|---|---|
| Nov 13, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence to Defendants' counsel re service of individual defendant. | 0.3 |
| Nov 18, 2020 | Receipt and review of notice from Defendants counsel re Cancellation of mediation. Receipt and review of correspondence cancelling mediation. | 0.4 |
| Nov 20, 2020 | Receipt and review of notice from Defendants counsel re Answer filed. Team meeting re demurrer to answer. | 2.4 |
| Nov 24, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel regarding depositions. | 0.7 |
| Dec 2, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.5 |
| Dec 3, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Drafted correspondence to Defendants' counsel | 0.6 |
| Dec 7, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence from Defendants' counsel | 0.4 |
| Dec 9, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.2 |
| Dec 10, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of email correspondence from Defendants' Third counsel, Zach Bulthuis. Internal | |

| | | |
|---|---|---|
| | staff communication re case strategy. | 0.6 |
| Dec 11, 2020 | Receipt and review of service of documents from One Legal from Defendants' counsel. Team correspondence | 0.6 |
| Dec 17, 2020 | Review of CCP 998 Demand. Receipt and review of email correspondence with Defendants' counsel. | 0.5 |
| Dec 18, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.3 |
| Dec 28, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Dec 31, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence to Defendants' counsel | 0.3 |
| Jan 4, 2021 | Receipt and review of correspondence to Defendants' counsel | 0.2 |
| Jan 7, 2021 | Receipt and review of correspondence to Defendants' counsel. Receipt and review of discovery responses from BMH. | 1.1 |
| Jan 8, 2021 | Receipt and review of further discovery responses from BHM. Receipt and review of team correspondence. | 0.8 |
| Jan 11, 2021 | Receipt and review of BHM's discovery requests to Plaintiff. | 0.6 |
| Feb 1, 2021 | Review correspondence with Plaintiff re discovery responses. Internal staff correspondence re Plaintiff's discovery responses. | 0.4 |
| Feb 3, 2021 | Receipt and review of team correspondence re Godwin Receipt and review of correspondence with Plaintiff re discovery responses. | 0.5 |

| Feb 4, 2021 | Review and receipt of team correspondence re filing deadlines. | 0.3 |
| Feb 5, 2021 | Internal staff correspondence re meet and confer letter for Plaintiff's discovery requests. | 0.3 |
| Feb 8, 2021 | Internal staff correspondence re meet and confer letter for Plaintiff's discovery requests | 0.2 |
| Feb 9, 2021 | Receipt and review of correspondence with defense Counsel. | 0.3 |
| Feb 10, 2021 | Internal staff correspondence re meet and confer letter for Plaintiff's discovery requests | 0.2 |
| Feb 12, 2021 | Internal staff correspondence re meet and confer letter for Plaintiff's discovery requests | 0.2 |
| Feb 16, 2021 | Receipt and review of correspondence with Defendants' counsel | 0.2 |
| Feb 17, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence to Defendants' counsel. Internal staff correspondence re Meet and confer letter for Plaintiff's requests. | 0.7 |
| Feb 18, 2021 | Review and edit meet and confer letter for Plaintiff's Discovery requests. | 1.3 |
| March 3, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence with Defendants' counsel. | 0.6 |
| March 4, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence with defense counsel. Internal staff correspondence re Godwin v. BHM. Sent meet and confer letter to defense counsel. | 0.7 |
| March 5, 2021 | Receipt and review of team correspondence re Godwin | |

|  |  |  |
|---|---|---|
|  | v. BHM. Receipt and review of correspondence with Defendants' counsel. Drafted correspondence to Defendants' counsel. | 0.8 |
| March 9, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Team strategy meeting | 1.2 |
| March 11, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of discovery responses and responsive documents. Internal staff discussion re Godwin v. BHM. | 2.2 |
| March 19, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of discovery responses and responsive documents. Review of correspondence to Defendants' counsel. Receipt and review of Defendants' meet and confer. Respond to Defendants' meet and confer letter. Internal staff correspondence re Godwin v. BHM | 2.5 |
| March 22, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of additional documents from Plaintiff. Receipt and review of correspondence from Plaintiff. | 0.8 |
| March 23, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of additional documents from Plaintiff. | 0.4 |
| March 25, 2021 | Receipt and review of One Legal notice re Service of Process for Removal to Federal Court. Receipt and review of meet and confer correspondence from Defendants' Counsel re Motion to Dismiss. Team correspondence re remand. | 0.9 |
| March 26, 2021 | Receipt and review of correspondence with Defendants' counsel re removal, motion to dismiss, motion to remand, and mediation. Receipt and review of docket activity and assignment to Hon. Josephine L. Staton. |  |

|  |  |  |
|---|---|---|
|  | Team meeting re strategy. Draft correspondence to defense counsel re mediation. | 3.1 |
| March 29, 2021 | Receipt and review of docket activity order setting rule 26(f) scheduling conference. Team correspondence. | 0.6 |
| April 1, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt of notice for motion to dismiss Donald Price. Team Meeting. | 1.8 |
| April 2, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 0.3 |
| April 5, 2021 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| April 7, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Draft correspondence to defense counsel re Motion to Compel. | 0.7 |
| April 8, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Draft correspondence to defense counsel re Motion to compel. | 0.5 |
| April 13, 2021 | Internal staff discussion re motion to remand. | 0.4 |
| April 26, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Draft correspondence to defense counsel re Motion to Compel. | 0.7 |
| April 27, 2021 | Internal staff discussion re motion to dismiss. | 0.2 |
| April 28, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review off Rule 68 Offer. Team Meeting. Receipt and review of email to Plaintiff. | 1.8 |
| April 30, 2021 | Receipt of correspondence from defense counsel. Team meeting. Drafted formal acceptance of Rule 68 Offer. | 0.8 |

May 5, 2021          Receipt and review of correspondence to Plaintiff.          0.3


Total Hours:          63.0

Hourly Rate:          $425.00

Total Balance:          $26,775.00

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

**<u>Lauree Godwin v. Benny Hinn Ministries</u>**
**<u>Plaintiff: Lauree Godwin</u>**
**<u>Billable Hours for Senior Paralegal, Jessica Galindo</u>**

**<u>Please note: As to not invade the province of attorney-client privilege, email correspondence and telephone communications do not include descriptions of the content. These billable hours only include Plaintiff's case against Defendants and not the sham lawsuit filed by Defendants against Plaintiff.</u>**

| | | |
|---|---|---|
| June 13, 2020 | Email correspondence with Plaintiff. Receipt, review and adding to files of correspondence from Benny Hinn Ministries counsel, J. Matthew Anthony, Esq. | 0.3 |
| June 14, 2020 | Email correspondence with Plaintiff. Calendaring with Plaintiff. Email correspondence to team. Receipt and adding to files of information re DLSE | 0.6 |
| June 15, 2020 | Receipt and review of email correspondence with Plaintiff. | 0.2 |
| June 22, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt, review and adding to files of additional evidence provided by Plaintiff. | 1.0 |
| July 6, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| July 10, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt, review and adding to files of notice of filing. Internal Meeting re case strategy. | 1.2 |
| July 13, 2020 | Receipt and review of correspondence with Plaintiff. | 0.4 |
| July 24, 2020 | Filing of Plaintiff's complaint, Civil case cover sheet, and summons. Team discussion re Service of out of state defendants | 1.0 |
| July 28, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 0.8 |
| July 29, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 0.8 |
| July 31, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 0.4 |
| Aug 3, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |

| | | |
|---|---|---|
| Aug 7, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 1.0 |
| Aug 8, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 0.2 |
| Aug 10, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. | 0.4 |
| Aug 11, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Correspondence to Plaintiff. Receipt of Information re DLSE. | 0.8 |
| Aug 12, 2020 | Email correspondence with Plaintiff. | 1.0 |
| Aug 13, 2020 | Email correspondence with Plaintiff. | 0.6 |
| Aug 14, 2020 | Email correspondence with Plaintiff. | 0.8 |
| Aug 17, 2020 | Drafted correspondence to Department of Labor Standards Enforcement (Labor Commissioner). Email correspondence with The Labor Commissioner. Receipt and review of email Correspondence with Defendants' counsel re Service of Process | 1.7 |
| Aug 24, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Aug 27, 2020 | Email correspondence with Plaintiff. | 0.6 |
| Aug 28, 2020 | Receipt and review of correspondence from One Legal. Receipt and review of email Correspondence with Defendants' counsel re Service of Process | 1.0 |
| Aug 29, 2020 | Receipt and review of correspondence from One Legal. Receipt and review of email Correspondence with Defendants' counsel re Service of Process | 1.2 |
| Aug 31, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.5 |
| Sept 3, 2020 | Receipt, review and adding to files of correspondence from One Legal | 0.2 |
| Sept 8, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Sept 9, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Sept 11, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |

| Sept 17, 2020 | Receipt and review and revision to Plaintiff's discovery requests for Godwin v. BHM. Team correspondence. | 2.0 |
|---|---|---|
| Sept 30, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Oct 2, 2020 | Receipt review and adding to files of correspondence from One Legal. Receipt and review of team correspondence re Godwin v. BHM. | 0.4 |
| Oct 15, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Oct 23, 2020 | Receipt and review of correspondence with Defendants' counsel, Miles Woodlief. | 0.4 |
| Oct 29, 2020 | Preparation and propounding of Plaintiff's discovery requests to Defendants BHM. Receipt and review of correspondence from Defendants' counsel, Miles Woodlief. | 2.0 |
| Oct 30, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Email correspondence with Plaintiff. Receipt and review of correspondence from Defendants' counsel, | 0.6 |
| Nov 1, 2020 | Receipt and review of email correspondence from Defendants' Counsel. | 0.4 |
| Nov 3, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Nov 6, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.6 |
| Nov 9, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence to Defendants' counsel re Responsive pleading past due. Scheduling of mediation with Judge James Gray | 1.5 |
| Nov 10, 2020 | Receipt, review and adding to files of correspondence from One Legal. Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence to Defendants' counsel re Responsive pleading past due. | 2.4 |
| Nov 11, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Nov 13, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of correspondence to Defendants' counsel re Service of Don Price | 0.4 |
| Nov 17, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |

| | | |
|---|---|---|
| Nov 20, 2020 | Receipt and review of notice from Defendant's counsel re Answer filed. Team meeting re demurrer to answer. | 2.4 |
| Nov 21, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Nov 24, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 1.3 |
| Dec 2, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.6 |
| Dec 3, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.8 |
| Dec 7, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 1.0 |
| Dec 9, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.2 |
| Dec 10, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of email correspondence from Defendants' Third counsel, Zach Bulthuis. Response. Telephone call to Defendants' counsel | 1.0 |
| Dec 11, 2020 | Receipt, review and adding to files of service of documents from One Legal from Defendants counsel. Team correspondence | 0.6 |
| Dec 17, 2020 | Correspondence with Plaintiff. Email correspondence with Defendants' counsel. | 1.9 |
| Dec 18, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel. | 0.4 |
| Dec 28, 2020 | Receipt and review of team correspondence re Godwin v. BHM. | 0.2 |
| Dec 31, 2020 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel. | 0.4 |
| Jan 4, 2021 | Receipt and review with correspondence to Defendants' counsel. | 0.2 |
| Jan 7, 2021 | Receipt and review with correspondence to Defendants' counsel. Receipt and review of discovery responses from BMH. | 2.2 |
| Jan 29, 2021 | Substantive correspondence with Plaintiff re discovery responses. | 5.0 |

| | | |
|---|---|---|
| Jan 30, 2021 | Receipt and review of correspondence from Plaintiff re discovery responses. | 5.0 |
| Feb 1, 2021 | Substantive correspondence with Plaintiff re discovery responses. | 2.0 |
| Feb 2, 2021 | Substantive correspondence with Plaintiff re discovery responses. | 3.4 |
| Feb 3, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. | 2.0 |
| Feb 4, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. | 4.0 |
| Feb 9, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 0.6 |
| Feb 16, 2021 | Receipt and review with correspondence to Defendants' counsel | 0.2 |
| Feb 17, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel | 1.0 |
| Feb 25, 2021 | Receipt, review and adding to files of service of documents from One Legal. Team correspondence. Substantive correspondence with Plaintiff re discovery responses. | 2.0 |
| March 1, 2021 | Receipt, review and adding to files of service of documents from One Legal. Team correspondence | 0.4 |
| March 3, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. | 2.0 |
| March 5, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt and review with correspondence to Defendants' counsel. Substantive correspondence with Plaintiff re discovery responses. | 2.0 |
| March 9, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Team strategy meeting | 1.2 |
| March 10, 2021 | Substantive correspondence with Plaintiff re discovery responses. | 1.0 |
| March 11, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. Receipt and review of discovery responses and responsive documents. | 4.6 |

| | | |
|---|---|---|
| March 12, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. Receipt and review of discovery responses and responsive documents. | 3.0 |
| March 15, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. Receipt and review of discovery responses and responsive documents. | 2.0 |
| March 19, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re discovery responses. Receipt and review of discovery responses and responsive documents. Review, edit, finalizing discovery responses and documents. Receipt and review of Defendants' meet and confer. | 3.0 |
| March 21, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff. | 1.2 |
| March 22, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re additional documents | 1.0 |
| March 23, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re additional documents | 0.4 |
| March 25, 2021 | Receipt, review and adding to files of One Legal notice re Service of Process for Removal to Federal Court. Receipt and Review of meet and confer correspondence from Defendants Counsel re Motion to Dismiss. | 1.2 |
| March 26, 2021 | Receipt and review of correspondence with Defendant's counsel re removal, motion to dismiss, motion to remand, and mediation. Receipt and review of docket activity and assignment to Hon. Josephine L. Staton. Team meeting re strategy. | 1.5 |
| March 29, 2021 | Receipt and review of docket activity order setting rule 26(f) Scheduling conference. Team correspondence. | 0.9 |
| April 1, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Substantive correspondence with Plaintiff re additional documents. Receipt of notice for motion to dismiss Donald Price. Team Meeting Outline of opposition. | 1.0 |
| April 2, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 0.3 |

| | | |
|---|---|---|
| April 5, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 0.3 |
| April 7, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 1.2 |
| April 8, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 0.4 |
| April 26, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Discussion re Motion to Compel. | 0.6 |
| April 28, 2021 | Receipt and review of team correspondence re Godwin v. BHM. Receipt, review and adding to files of Rule 68 Offer. Team Meeting. | 1.0 |

|  |  |
|---|---|
| Total Hours: | 98.4 |
| Hourly Rate: | $245.00 |
| Total Balance: | $24,108.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4



www.nationallawjournal.com/id=1202636785489/Billing-Rates-Across-the-Country

THE NATIONAL LAW JOURNAL

SECTIONS | SIGN IN | SUBSCRIBE | Search

SHARE | PRINT | REPRINTS

## By the Numbers: The Firms Report Their Billing Rates

| Firm | Largest U.S. Office | Total FTE Attorneys | Partner High | Partner Average | Partner Low | Associate High | Associate Average | Associate Low |
|---|---|---|---|---|---|---|---|---|
| Debevoise & Plimpton | New York | 615 | $1,075 | $1,055 | $955 | $760 | $490 | $120 |
| Paul Weiss | New York | 803 | $1,120 | $1,040 | $760 | $760 | $600 | $250 |
| Skadden, Arps | New York | 1,735 | $1,150 | $1,035 | $845 | $845 | $620 | $340 |
| Fried Frank | New York | 476 | $1,100 | $1,000 | $930 | $760 | $595 | $375 |
| Latham & Watkins | New York | 2,033 | $1,110 | $990 | $895 | $725 | $605 | $465 |
| Gibson Dunn | New York | 1,086 | $1,800 | $980 | $765 | $930 | $590 | $175 |
| Davis Polk | New York | 787 | $985 | $975 | $850 | $975 | $615 | $130 |
| Willkie Farr | New York | 540 | $1,090 | $950 | $790 | $790 | $580 | $350 |
| Cadwalader | New York | 435 | $1,050 | $930 | $800 | $750 | $605 | $395 |
| Weil Gotshal | New York | 1,201 | $1,075 | $930 | $625 | $790 | $600 | $300 |
| Quinn Emanuel | New York | 697 | $1,075 | $915 | $810 | $675 | $410 | $320 |
| Wilmer | Washington | 961 | $1,250 | $905 | $735 | $695 | $290 | $75 |
| Dechert | New York | 803 | $1,095 | $900 | $670 | $735 | $530 | $395 |
| Andrews Kurth | Houston | 348 | $1,090 | $890 | $745 | $1,090 | $670 | $265 |

Full-time equivalent attorney numbers and the largest U.S. office are from the NLJ 350 published in April 2013. N/A** Data not available due to merger in 2013.

### Billing at the Top of the Market ...

| AVERAGE PARTNER RATE | |
|---|---|
| Debevoise | $1,055 |
| Paul Weiss | $1,040 |
| Skadden | $1,035 |
| Fried Frank | $1,000 |
| Latham | $990 |
| Gibson | $980 |
| Davis Polk | $975 |
| Willkie | $950 |
| Weil | $930 |
| Cadwalader | $930 |

$500  $600  $700  $800  $900  $1,000

| AVERAGE ASSOCIATE RATE | |
|---|---|
| Andrews Kurth | $670 |
| Skadden | $620 |
| Davis Polk | $615 |
| Cadwalader | $605 |
| Latham | $605 |
| Paul Weiss | $600 |
| Weil | $600 |
| Fried Frank | $595 |
| Gibson | $590 |
| Kramer Levin | $590 |

$500  $550  $600  $650

### ... And the Bottom

| | |
|---|---|
| Harris Beach | $385 |
| Harter Secrest | $385 |
| Williams Mullen | $385 |
| Broad and Cassel | $380 |
| Jackson Lewis | $380 |
| Ulmer & Berne | $380 |
| Bond Schoeneck | $355 |
| Burr & Forman | $355 |
| Jackson Kelly | $280 |
| Bowles Rice | $230 |

| | |
|---|---|
| Archer & Greiner | $245 |
| Burr & Forman | $245 |
| Davis Graham | $245 |
| Dinsmore & Shohl | $235 |
| Broad and Cassel | $225 |
| Jones Walker | $225 |
| Honigman Miller | $220 |
| Miller & Martin | $215 |
| Jackson Kelly | $195 |
| Bowles Rice | $135 |



AVERAGE PARTNER RATE

AVERAGE ASSOCIATE RATE

... And the Bottom

| | AVERAGE PARTNER RATE | | | AVERAGE ASSOCIATE RATE |
|---|---|---|---|---|
| Harris Beach | $385 | | Archer & Greiner | $245 |
| Harter Secrest | $385 | | Burr & Forman | $245 |
| Williams Mullen | $385 | | Davis Graham | $245 |
| Broad and Cassel | $380 | | Dinsmore & Shohl | $235 |
| Jackson Lewis | $380 | | Broad and Cassel | $225 |
| Ulmer & Berne | $380 | | Jones Walker | $225 |
| Bond Schoeneck | $355 | | Honigman Miller | $220 |
| Burr & Forman | $355 | | Miller & Martin | $215 |
| Jackson Kelly | $280 | | Jackson Kelly | $195 |
| Bowles Rice | $230 | | Bowles Rice | $135 |

Purchase the complete NLJ Law Firm Billing Survey from www.almlegalintel.com.

47,359 views | more by this author

Learn About Tableau

Methodology/Sources: These data were compiled by ALM Legal Intelligence, the research arm of the NLJ's parent, ALM Media LLC. We asked respondents to the NLJ's annual survey of the nation's largest law firms (the "NLJ 350") to provide a range of hourly billing rates for partners and associates. For firms that did not supply data to us, in many cases we were able to supplement billing rate data derived from public records. In total, we have rates for 159 of the nation's 350 largest firms. Rates data include averages, highs and low rates for partners and associates. Information also includes the average full-time equivalent (FTE) attorneys at the firm and the city of the firm's principal or largest office.

This methodology has been modified since first published to note that the data cited were compiled by ALM Legal Intelligence, the research arm of the NLJ's parent, ALM Media LLC.



← → C  ⓘ www.nationallawjournal.com/id=1202636785489/Billing-Rates-Across-the-Country                                                    ☆ :

≡ SECTIONS              THE NATIONAL LAW JOURNAL            👤 SIGN IN | 📓 SUBSCRIBE    Search 🔍

# Billing Rates Across the Country

The National Law Journal's annual survey of law firm billing rates for partners and associates.

January 13, 2014  |  💬 0 Comments

🔗 SHARE      Purchase the complete NLJ Law Firm Billing Survey from ALM Legal Intelligence.

🖨 PRINT

📄 REPRINTS

## NLJ'S BILLING SURVEY

Select a Firm

- ⦿ Adams and Reese
- ○ Akerman Senterfitt
- ○ Akin Gump
- ○ Allen Matkins
- ○ Alston & Bird
- ○ Andrews Kurth
- ○ Archer & Greiner
- ○ Arent Fox
- ○ Arnall Golden
- ○ Arnold & Porter
- ○ Arnstein & Lehr
- ○ Baker & Hostetler
- ○ Baker & McKenzie
- ○ Baker Donelson
- ○ Ballard Spahr
- ○ Barnes & Thornburg

### Adams and Reese
Largest U.S. Office: **New Orleans**, 277 total full-time equivalent attorneys

| | |
|---|---|
| Partner High | $650 |
| Partner Average | $390 |
| Partner Low | $275 |
| Associate High | $320 |
| Associate Average | $260 |
| Associate Low | $200 |

Of all firms surveyed, billing rates for partners averaged **$604.**

Associate rates averaged **$370.**

Firm billing average

$100  $200  $300  $400  $500  $600  $700  $800  $900  $1,000 $1,100 $1,200

## By the Numbers: The Firms Report Their Billing Rates

| Firm | Largest U.S. Office | Total FTE Attorneys | Partner High | Partner Average | Partner Low | Associate High | Associate Average | Associate Low |
|---|---|---|---|---|---|---|---|---|
| Debevoise & Plimpton | New York | 615 | $1,075 | $1,055 | $955 | $760 | $490 | $120 |
| Paul Weiss | New York | 803 | $1,120 | $1,040 | $760 | $760 | $600 | $250 |
| Skadden, Arps | New York | 1,735 | $1,150 | $1,035 | $845 | $845 | $620 | $340 |
| Fried Frank | New York | 476 | $1,100 | $1,000 | $930 | $760 | $595 | $375 |
| Latham & Watkins | New York | 2,033 | $1,110 | $990 | $895 | $725 | $605 | $465 |
| Gibson Dunn | New York | 1,005 | $1,090 | $980 | $765 | $620 | $560 | $475 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT 5

25
26
27
28

🔍 SEARCH (/nationallawjournal/search/)

LAW.COM (L) | THE NATIONAL LAW JOURNAL (/nationallawjournal/)

PROMOCODE=NL&SOURCE

PROMOCODE=NL&SOURCE=
BILLING-SURVEY-10

# NLJ Billing Survey: $1,000 Per Hour Isn't Ra Anymore

As recently as five years ago, law partners charging $1,000 an hour were outliers. Today, four-figure hourly rates for demand partners at the most prestigious firms don't raise eyebrows — and a few top earners are closing in on $2,0 an hour.

By **Karen Sloan**  |  January 13, 2014 at 12:00 AM

📄 (htt



()

As recently as five years ago, law partners charging $1,000 an hour were outliers. Today, four-figure hourly rates for in-demand partners at the most prestigious firms don't raise eyebrows — and a few top earners are closing in on $2,000 an hour.

These rate increases come despite hand-wringing over price pressures from clients amid a tough economy. But ever-rising standard billing rates also obscure the growing practice of discounts, falling collection rates, and slow march toward alternative fee arrangements.

## Trending Stories

**1** **Layoffs Continue, as Even Stable Firms Face Shifting Work Environment** (/nationallawjournal/2020/1 continue-as-even-stable- firms-face-shifting-work- environment/)

THE AMERICAN LAWYER (/AMERICANLAWYER/)

**2** **Total U.S. death rate is belov average, CDC says** (/2020/04/17/total-u-s-death rate-is-still-below-average-c 412-96700/)

BENEFITSPRO (HTTPS://WWW.BENEFITSPRO.COM

**3** **Seyfarth Shaw Targeted by Weekend Cyberattack** (/nationallawjournal/2020/1 shaw-targeted-by-weekend- cyber-attack/)

THE AMERICAN LAWYER (/AMERICANLAWYER/)

**4** **Big Law Won't Follow Corporate America in Promising Remote Work Un July** (/nationallawjournal/2020/1 law-wont-follow-corporate- america-in-promising-remot work-until-july/)

# This content has been archived. It is available exclusively through our partner LexisNexis®.

To view this content, please continue to Lexis Advance®.

**CONTINUE TO LEXIS ADVANCE®** →

(https://advance.lexis.com/api/document/citation?cite=LNSDUID-ALM-NTLAWJ-1202637587261)

Not a Lexis Advance® Subscriber? **Subscribe Now (http://www.lexisnexis.com/trial/uslm144568.asp?utm_medium=digital%20non-LN&utm_source=content%20link&utm_content=ALM-Lexis-Advance_0pct_ss&utm_term=pm&access=1-5912600401&treatcd=1-1395570661)**

**Why am I seeing this?**

THE AMERICAN LAWYER (/AMERICANLAWYER/)

5   **Opportunity in Crisis: These Firms Seized on an Unusual Lateral Hiring Market in 2020 (/nationallawjournal/2020/1 in-crisis-these-firms-seized-on-an-unusual-lateral-hiring-market-in-2020/)**

THE AMERICAN LAWYER (/AMERICANLAWYER/)

FEATURED PRODUCT

A weekly, curated selection of our
international content from around
the globe, across the business of
law, in-house, regulatory,
technology and more, with expert
insights from our senior editors.

**Learn More
(https://store.law.com/Registratio
&productCode=LAWINTEDGLOBALI**

## Featured Firms

**Law Offices of Gary Martin Hays & Associates P.C.**

75 PONCE DE LEON AVE NE STE 101
ATLANTA, GA 30308
(470) 294-1674 www.garymartinhays.com

**Law Offices of Mark E. Salomone**

2 OLIVER ST #608
BOSTON, MA 02109
(857) 444-6468 www.marksalomone.com

**Smith & Hassler**

1225 N LOOP W #525
HOUSTON, TX 77008
(713) 739-1250 www.smithandhassler.com

# More from ALM

| CLE Center | Legal Compass | Events | Webcasts | Lawjobs | Professional Announcements |

## Premium Subscription

With this subscription you will receive unlimited access to high quality, online, on-demand premium content from well-respected faculty in the legal industry. This is perfect for attorneys licensed in multiple jurisdictions or for attorneys that have fulfilled their CLE requirement but need to access resourceful information for their practice areas.

View Now (http://clecenter.com/Program/Premium.aspx)

## Team Accounts

Our Team Account subscription service is for legal teams of four or more attorneys. Each attorney is granted unlimited access to high quality, on-demand premium content from well-respected faculty in the legal industry along with administrative access to easily manage CLE for the entire team.

View Now (http://clecenter.com/CleForFirm/Default.aspx)

## Bundle Subscriptions

Gain access to some of the most knowledgeable and experienced attorneys with our 2 bundle options! Our Compliance bundles are curated by CLE Counselors and include current legal topics and challenges within the industry. Our second option allows you to build your bundle and strategically select the content that pertains to your needs. Both options are priced the same.

View Now (http://clecenter.com/Default.aspx)

**CLE Center → (http://clecenter.com)**

**ALM Legal Publication Newsletters**

# Sign Up Today and Never Miss Another Story.

As part of your digital membership, you can sign up for an unlimited number of a wide range of complimentary newsletters. Visit our My Account (https://store.law.com/registration/login.aspx?promoCode=NL) page to make your selections. Get the timely legal news and critical analysis you cannot afford to miss. Tailored just for you. In your inbox. Every day.

**Subscribe Now**

(https://store.law.com/registration/registration.aspx?promoCode=NL)

Privacy Policy (https://www.alm.com/privacy-policy-new/)

_()

FOLLOW US   (https://www.facebook.com/LawdotcomALM/)   (https://twitter.com/lawdotcom)   (https://www.linkedin.com/company/law-com/)

(http://feeds.feedblitz.com/law/legal-news/)

About Us (/static/about-us/)   Contact Us (/static/contact-us/)   Site Map (/sitemap)   Advertise With Us (/static/advertise-with-us/)   Customer Service (https://www.alm.com/co   Terms of Service (https://www.alm.com/terms-of-use/)   FAQ (/static/frequently-asked-questions/)   Privacy Policy (https://www.alm.com/privacy-policy-new/)

| PUBLICATIONS | LAW TOPICS | RANKINGS | MORE | LAW.COM |
|---|---|---|---|---|
| The American Lawyer (/americanlawyer/) | Litigation (/topics/litigation/) | Am Law 100 (/americanlawyer/rankings/the-2020-am-law-100/) | Events (/events/) | Law.com US Edition |
| Corporate Counsel (/corpcounsel/) | Deals and Transactions (/topics/deals-and-transactions/) | Am Law 200 (/americanlawyer/rankings/the-2020-am-law-200/) | Legal Compass (https://www.alm.com/intelligence/solutions-we-provide/business-of-law-solutions/legal-compass/) | Law.com Int'l Edition (/inte edition/) |
| National Law Journal (/nationallawjournal/) | Law Firm Management (/topics/law-firm-management/) | Global 200 (/americanlawyer/rankings/the-2020-global-200/) | Editorial Calendar (/editorial-calendar/) | Briefings (/static/briefi |
| New York Law Journal (/newyorklawjournal/) | Legal Practice Management (/topics/legal-practice-management/) | National Law Journal 500 (/nationallawjournal/rankings/2020-nlj-500/) | Legal Dictionary (https://dictionary.law.com/) | Analysis (/analysis |
| New Jersey Law Journal (/njlawjournal/) | Cybersecurity (/topics/cybersecurity/) | Pro Bono Scorecard (/americanlawyer/rankings/pro-bono/) | Lawjobs.com (http://lawjobs.com/) | Podcasts (/podcastcer |
| The Recorder (/therecorder/) | Intellectual Property (/topics/intellectual-property/) | The A-List (/americanlawyer/rankings/a-list/) | Law Firms (/law-firms/) | Webcasts (/webcast |
| More Publications › (/publications/) | More Law Topics › (/topics/) | | Law Schools (/topics/legal-education/) | |
| | | | Legal Newswire (/legalnewswire/) | |
| | | | Verdict Search (https://verdictsearch.com/featured-verdicts/) | |

More rankings › (/rankings/)

Copyright © 2020 ALM Media Properties, LLC. All Rights Reserved.

EXHIBIT 6

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**<br>NAME: Jonathan P. LaCour　　　　STATE BAR NUMBER: 285098<br>FIRM NAME: Employees First Labor Law<br>STREET ADDRESS: 65 N. Raymond Ave., Suite 260<br>CITY: Pasadena　　　　STATE: CA　　ZIP CODE: 91103<br>TELEPHONE NO.: (310) 853-3461　　FAX NO.: (949) 743-5442<br>E-MAIL ADDRESS: jonathanl@pierrelacour.com<br>ATTORNEY FOR (name):　LAUREE GODWIN | **FOR COURT USE ONLY** |

United States District Court
Central District of California
411 West Fourth Street
Santa Ana, California 92701

 PLAINTIFF: LAUREE GODWIN

DEFENDANT: BENNY HINN MINISTRIES, ET AL.

| **MEMORANDUM OF COSTS (SUMMARY)** | CASE NUMBER:<br>8:21-cv-00555- JLS-DFM |
|---|---|

The following costs are requested:　　　　　　　　　　　　　　　　　　　　　**TOTALS**

| | | | |
|---|---|---|---|
| 1. | Filing and motion fees | $ | 461.56 |
| 2. | Jury fees | $ | |
| 3. | Jury food and lodging | $ | |
| 4. | Deposition costs | $ | |
| 5. | Service of process | $ | 118.20 |
| 6. | Attachment expenses | $ | |
| 7. | Surety bond premiums | $ | |
| 8. | Witness fees | $ | |
| 9. | Court-ordered transcripts | $ | |
| 10. | Attorney fees *(enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required)* | $ | |
| 11. | Court reporter fees as established by statute | $ | |
| 12. | Models, enlargements, and photocopies of exhibits | $ | |
| 13. | Interpreter fees | $ | |
| 14. | Fees for electronic filing or service | $ | 64.05 |
| 15. | Fees for hosting electronic documents | $ | |
| 16. | Other | $ | |

| **TOTAL COSTS** | $ | 643.81 |
|---|---|---|

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date:  May 21, 2021

Jonathan P. LaCour
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　　　　　　　　(SIGNATURE OF DECLARANT)

(Proof of service on reverse)　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 2

**MEMORANDUM OF COSTS (SUMMARY)**

| SHORT TITLE | CASE NUMBER: |
|---|---|
| GODWIN v. BENNY HINN MINISTRIES, ET AL. | 8:21-cv-00555- JLS-DFM |

## PROOF OF [ × ] MAILING [ ] PERSONAL DELIVERY

1. At the time of mailing or personal delivery, I was at least 18 years of age and **not a party** to this legal action.

2. My residence or business address is *(specify)*:

   65 N. Raymond Ave., Suite 260, Pasadena, CA 91103

3. I mailed or personally delivered a copy of the *Memorandum of Costs (Summary)* as follows *(complete either a or b)*:

   a. [ × ] **Mail.** I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope AND

         (a) [ × ] **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.

         (b) [ ] **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

         (a) Name of person served:  Zachary A. Bulthuis / zbulthuis@HuntingtonLS.com

         (b) Address on envelope:

            17011 Beach Blvd., Suite 900
            Huntington Beach, CA 92647

         (c) Date of mailing:  May 21, 2021

         (d) Place of mailing *(city and state)*:  Pasadena, CA

   b. [ ] **Personal delivery.** I personally delivered a copy as follows:

      (1) Name of person served:

      (2) Address where delivered:


      (3) Date delivered:

      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  May 21, 2021

| Jessica Galindo | *Jessica Galindo* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## MEMORANDUM OF COSTS (SUMMARY)

EXHIBIT 7

# LAFFEY MATRIX

History

Case Law

Expert Opinions

**See the Matrix**

Contact us

Home

Links

|  |  |  | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |

| 6/1/96-5/31/97 | 1.0590 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

EXHIBIT 8

Case 8:21-cv-00555-JLS-DFM Document 25 Filed 03/31/21 Page 59 of 63 Page ID #:503



# ORANGE COUNTY

## Attorney
#### JOURNALS

Volume 171, 2020
$6.95

**Leading Successful Practices
Through COVID-19**
Susan Lambreth

**COVID-19: How to
Prepare for Potential
Future Disputes**
Skadden

**Standing Out in the
New Norm:
Be the Solution ...**
Merry Neitlich

**8 Ways to Keep the
Business Development
Engine Running During
COVID-19**
Doug Ott

**16 Easy Ways to Connect
While Social Distancing**
Stefanie Marrone

**Don't Let Your Blogs and
Content Fall Victim
to COVID-19**
Jim Bliwas

**Attorney of the Month**
# Jonathan LaCour  Employees First Labor Law P.C., Irvine
**Making Good Cases Extraordinary**

# Making Good Cases
## *Extraordinary*

### FOUNDER OF EMPLOYEES FIRST LABOR LAW P.C. TAKES LEADERSHIP POSITION IN 21ST CENTURY LAW

"We take good cases and turn them into something extraordinary," says Jonathan LaCour, Founder and Managing Partner of Employees First Labor Law P.C.

Since founding the firm in 2016 his nine-member team has scored a remarkable number of highly successful victories for its clients, including: $5,150,000 traumatic brain injury settlement; a $1,950,000 multiple plaintiff settlement in a case involving unpaid overtime, meal and rest break violations; a $1,800,000 sexual harassment and wrongful termination settlement; a $920,000 disability discrimination and wrongful termination settlement; and a $7,900,000 projected value settlement in worker's compensation for a traumatic brain injury.

The firm operates throughout Southern California and maintains locations in Irvine, Pasadena, Pomona, Long Beach, Riverside, and Victorville and will be adding a San Diego and Las Vegas, Nevada location within the next few years.

Employees First Labor Law focuses only on representing employees in labor and employment and workers compensation matters against their employers, and products liability matters against manufacturers. Their typical client is a blue-collar worker who has been fired for an illegal reason, has been discriminated against because of their race or gender or religion or sexual orientation, has been sexually harassed or retaliated against, hasn't been paid overtime or their fair wage, or is facing the challenges of a workplace injury.

One of those clients, a restaurant worker, received a $920,000 settlement in January. "Giving him the check was one of the best moments of my career because he wouldn't have made that much in his lifetime. I can't tell you how many times we have had a workers' compensation client who had a serious injury at work but who was able to return to work in some capacity, only to be shut out and fired because of the injury. There's something special about working with this type of clientele because we have the ability to change our client's lives and virtually in every case, we make a meaningful impact to their financial well-being," LaCour says.

### *Making the Short List for Referrals*

LaCour says, "We give real value. We have the staff, resources, and state-of-the-art technology to respond effectively and efficiently. I'm not afraid to try cases. The ones you win scare everybody and we consistently get results that are higher than average. As a result, we get a lot of referrals."

LaCour learned the value of working with other talented attorneys early in his career. "My biggest secret was that I took my best cases to other attorneys who were titans of industry. I brought them on board and learned as much as



I could. I went into the relationship with energy and passion and the intention to absorb the best practices of that law firm. In the beginning I saw it as 'paying' for education, but I learned that those partners create value above and beyond what you would get by yourself. You'll want to stick with the associate that is assisting your co-counsel because this attorney is in the trenches every day and is usually happy to provide assistance not only for the case you're co-counseling but in the event you have questions about other matters as well."

His firm is for the typical, staid, old-fashioned labor law firm in terms not only in staffing, but also in methods of operation. His people are hip and aggressive, and the firm has the depth, resources, experience, aggression, and ability to take cases into later stages if necessary. Their reputation for success and for the ability to work efficiently with other attorneys and firms explains why referrals are a significant part of his firm's business.

"People know we mean business and that attracts business. The result is that we have a reputation with most defense firms that allows us significant leeway and respect from the moment we take on a case. When defense counsel sees that we are on a matter, they know it's not fluff and we're there to extract real value. This results in demands being accepted and policies being tendered," LaCour says.

> **People know we mean business and that attracts business.**

LaCour is extremely selective in the cases he and his team take on and how those cases are prosecuted. They will examine as many as a hundred intakes before signing a case to ensure the firm takes on only the most meritorious cases. The corporate (and personal) goal is to make a meaningful difference in their clients' lives.

LaCour is personally involved in every case from the beginning until resolution. Few firms can boast that their most skilled attorney follows a case from start to finish. With different firms, a case might be assigned to an associate who knows (or may not know) exactly what to do. LaCour creates the strategy personally and maintains a hands-on guiding posture throughout.

"There isn't a case with our firm that doesn't have my fingerprint on it. I'm personally involved with everything and client interaction is through me for all important moments of the case. We have reached a point to where we're on that short list of firms getting extraordinary results from average cases with good liability. Once you work with someone who has the capability to take cases into the later stages and really work them up, you're going to get significant value above and beyond what you would always get," he says.

## Following a Family Tradition and Extending the Family

LaCour knew he wanted to be a lawyer from the time he was six or seven years old. He was playing chess with his aunt, a respected criminal defense lawyer. He asked what lawyers did. She laughed at such a serious question from such a young person and replied that people come to lawyers with problems and that the lawyer helps them solve those problems.

"I was enamored by the fairy tale job she described. People come to you with serious problems, ask questions, and you fix their lives. That really got to me," LaCour says.

Later while in high school he job-shadowed his aunt, an experience that cemented his drive to become an attorney. "She's a prototypical trial lawyer. I think it runs in my family. I saw first-hand how well she could present and communicate with large groups of people through trial. I thought that I would be particularly good at that, too."

He always wanted to be a plaintiff-side trial lawyer and after a short a stint on defense side, he opened his own firm. He says he enjoys the labor and employment field so much because it's not intuitive and therefore requires hard work and genuine effort to become proficient. He enjoys the ongoing challenge to better himself and his firm.

"Some people have a negative viewpoint of the plaintiff's side, but I see it completely differently. I'm blessed to change the lives of those who have been seriously injured or wrongfully terminated and I make a world of difference for that family. I remain connected with those families. I've held a client's hand as she cried when I secured enough money for her to pay off her debt and buy her first new car. I've helped clients purchase homes in Northern California and the Inland Empire. I've provided enough money for a client to start his own restaurant. I champion people who have been harmed and, in the process, I have been blessed to change lives."

## Creating a Modern Office for Modern Times

Not only does LaCour find and recruit top talent that is hip, aggressive and technology savvy, he also has designed his firm to take full advantage of state-of-the-art internet and electronic communications.

"We run a paperless office. We've embraced technology and even operating from multiple locations. Everything is tied together. I have management software that lets me check in on my people wherever they are at any time. That's one of the reasons the coronavirus that has so negatively impacted other firms, hasn't been a serious challenge to the way we conduct our business or the effective way we serve our clients," LaCour says.



Jonathan and his beautiful wife Jessica Galindo.



© christopherTODDstudios

**EXPERIENCE**

Although "wearing two hats" as an attorney and as the manager of a business, LaCour has designed his firm to allow him maximum time practicing law.

He is aided significantly by his wife, the office manager, and his father-in-law who is the firm's accountant. "As some firms get bigger, the managing attorney steers his direction more toward managing and away from lawyering. Clients often end up with an associate attorney who is not up to speed on the case or even the applicable law. That's not the case with me. She helps me manage the firm. Every case we take has my fingerprints on it. A smaller firm doesn't have the staff or resources to effectively represent their clients. We're not small. We have the capabilities, the resources, and the bandwidth to get real value," he says.

LaCour's unofficial corporate model is: If you want to go fast go alone, if you want to go far go together.

Clients agree. "In a hectic world that seems to get busier each and every day, it was my family's turn to have one of those unfortunate events requiring legal assistance. At first, I felt that I could navigate the world of worker's compensation, but it quickly drained my mental capacity, not to mention emotional agility.

"Overwhelmed, I contacted a few attorneys, but Jonathan's straightforward approach and explanation gave a feeling of confidence. Within a few hours, we hired him, and his team was on it. Prompt feedback and replies, regardless of the time or weekends, went a long way. His team took the time not only to worry about the legal matter, but also listen to our concerns.

"Through the process his team carried a professional approach and could break down and explain legal terminology in simple words that we could understand."

LaCour says, "I may sound like a broken record, but really you don't know how amazing this is until you're changing peoples' lives. I've made clients millionaires; I've written checks for more than $500,000—more than clients would earn in their entire lifetime. That's the real economic and personal value of going far together." ■

- - - - - - - - - - - - - -

## Contact

Jonathan LaCour
Employees First Labor Law P.C.
18100 Von Karman Ave., Suite 850
Irvine, CA 92612
(310) 853-3461
www.employeesfirstlaborlaw.com

### » EDUCATION
- Juris Doctorate, Loyola Law School. 2011; Dean's List. Scott Moot Court; Federal Bar Association National Team
- Bachelor of Arts, Psychology. University of California, Riverside. 2008. Dean's List.

### » AWARDS AND RECOGNITIONS
- Top 100 Lawyers, National Advocates; 2017–2020
- Million Dollar Advocates Forum 2019–Present
- Multi-Million Dollar Advocates Forum 2019–Present
- Top 20 Highest Settlement 2018 in California: Hansen v. United Parcel Service
- Super Lawyers Southern California Rising Star (2020)
- Civil Plaintiff—Top 40 Under 40, The National Trial Lawyers (2017–2020)
- Avvo 10.0 rating since 2016
- Avvo Clients' Choice Award 2016–2020

### » ASSOCIATIONS
- Million Dollar Advocates Forum, Member
- Multi-Million Dollar Advocates Forum, Member
- The National Trial Lawyers, Member
- Consumer Attorneys of California, Member
- Consumer Attorneys of Los Angeles, Member
- California Employment Lawyers Association, Member
- National Employment Lawyers Association, Member
- Orange County Trial Lawyers Association, Member



**The National Advocates**
29 followers
3w • 🌐

**+ Follow**

The National Advocates is pleased to announce that Jonathan LaCour of Employees First Labor Law has been selected as the 2021 National Advocates Top 40 Under 40 President. Since joining The National Advocates in November of 2017, LaCour has demonstrated extraordinary abilities with superior results, a high level of peer respect, and client satisfaction.

Learn more about The National Advocates at **https://lnkd.in/e6kNDVj**.

**#thenationaladvocates #advocates #president #employeesfirstlaborlaw #40under40 #client #lawyer #attorney**

