UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  8:21-cv-00555-JLS-DFM                              Date: October 20, 2021
Title:  Lauree Godwin v. World Healing Center Church, Inc.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 13)**

Before the Court is Plaintiff's Motion for Attorney Fees.  (Mot., Doc. 13.)  Defendant opposed and Plaintiff replied.  (Docs. 14, 15.)  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for **October 22, 2021 at 10:30 a.m.**, is VACATED.  Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion in part.

I.   BACKGROUND

On July 10, 2020, Plaintiff Lauree Godwin filed a complaint in California Superior Court for the County of Orange asserting ten claims for relief arising from her employment with Defendant World Healing Center Church ("WHCC").  (*See* Complaint, Ex. A to Notice of Removal, Doc. 1-1.)[1]  On March 25, 2021, WHCC removed the case to federal court.  (Notice of Removal, Doc. 1.)  One of the individual defendants, Donald

---

[1] The original complaint named Benny Hinn Ministries, Benny Hinn, and Donald Price as Defendants.  (Complaint at 2.)  Defendant World Healing Center Church does business as Benny Hinn Ministries.  (*See* Answer, Ex. B to Notice of Removal, Doc. 1-2.)  Unless otherwise specified, this Order collectively refers to the Defendants as ("WHCC").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00555-JLS-DFM    Date: October 20, 2021
Title: Lauree Godwin v. World Healing Center Church, Inc.

Price, filed a Motion to Dismiss (Motion to Dismiss, Doc. 10), but a month later, Godwin filed a Notice of Acceptance of WHCC and Donald Price's Offer of Judgment. (Notice of Acceptance of Offer to Compromise, Doc. 11.)

The Notice states that pursuant to Federal Rule of Civil Procedure 68, Godwin accepts WHCC's "offer to allow entry of judgment to be taken against them and in favor of Plaintiff, in the sum of Thirty Thousand Dollars ($30,000.00) plus reasonable costs and attorneys' fees." (*Id.* at 2.) Godwin and Godwin's counsel filed the present Motion to seek those reasonable costs and attorney fees.

**II.    LEGAL STANDARD**

"In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees." *Base v. FCA US LLC*, 2020 WL 363006, at *2 (N.D. Cal. Jan. 22, 2020) (citing *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995)). Sections 218.5, 1194, and 1102.5 of the California Labor Code authorize the award of reasonable attorney fees to prevailing plaintiffs. A party is "the prevailing party" if it has clearly achieved its main litigation objective. *Graciano v. Robinson Ford Sales, Inc.,* 144 Cal. App. 4th 140, 151 (2006).

Under federal and California law, the calculation of attorney fees is guided by the lodestar/multiplier analysis. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983). The lodestar considers the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

"The district court also should exclude from this initial fee calculation hours that were not reasonably expended." *Id.* at 434 (internal quotations omitted). "[B]illing judgment is an important component in a fee setting . . . [h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00555-JLS-DFM　　　　　　　　　　　　　　Date: October 20, 2021
Title: Lauree Godwin v. World Healing Center Church, Inc.

"[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors" such as "the novelty and difficulty of the questions involved," or the "contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). "In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." *Id.*

### III.　　DISCUSSION

WHCC does not dispute that Godwin is entitled to reasonable attorney fees as the prevailing party and pursuant to the terms of WHCC's Rule 68 Offer of Judgment. (Opp., Doc. 14, at 5.) Instead, it argues only that the fees Godwin's counsel seeks in the present motion are not reasonable, and it requests a significant reduction. (*Id.*) At issue, then, is the accuracy and reasonableness of the requested amount as well as the award of costs.

####　　A.　　Attorney Fees

Two attorneys and a paralegal represented Godwin in this case. Attorney Jonathan LaCour ("LaCour") submits that he spent 124.9 hours on this case at an hourly rate of $675. ((Mot. at 9, 22); (LaCour Decl., Doc. 13-1, at 3); (Ex. 1 to LaCour Decl., at ECF 11-22).) Attorney Lisa Noveck ("Noveck") submits that she spent 63.0 hours on this case at an hourly rate of $425. ((Mot. at 9, 22); (Noveck Decl., Doc. 13-2, at 2); (Ex. 2 to LaCour Decl., at ECF 24-33).) Paralegal Jessica Galindo ("Galindo") submits that she spent 98.4 hours on this case at an hourly rate of $245. ((Mot. at 9, 22); (Galindo Decl., Doc. 13-3, at 1-2); (Ex. 3 to LaCour Decl., at ECF 35-41).) In total, counsel requests $202,785.75 in attorney fees for procuring a $30,000 settlement before any substantive motions had been fully briefed or decided by the Court. (Mot. at 25.) By contrast,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00555-JLS-DFM                                Date: October 20, 2021

Title:  Lauree Godwin v. World Healing Center Church, Inc.

WHCC submits that the Court should permit a recovery of $12,691.35 in attorney fees. (Opp. at 16.)

       **1.**      **Reasonable Hours**

On a motion for attorneys' fees and costs, the Court first calculates the lodestar—the product of reasonable hours times a reasonable rate—and then determines whether other considerations warrant adjusting the fee upward or downward.  *See Hensley*, 461 U.S. at 434.  To determine the reasonable number of hours, the Court generally "begin[s] with the billing records the prevailing party has submitted," and excludes entries for hours that are "excessive, redundant, or otherwise unnecessary."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202-03 (9th Cir. 2013) (internal quotations omitted).  Trial courts "must," however, "carefully review attorney documentation of hours expended; padding in the form of inefficient or duplicative efforts is not subject to compensation."  *Ketchum*, 24 Cal. 4th at 1132 (internal quotations omitted).  The party moving for statutory attorney fees has the burden of proof.  *See Mikhaeilpoor v. BMW of North Am., LLC*, 48 Cal. App. 5th 240, 247 (2020); *Corbett v. Hayward Dodge, Inc.*, 119 Cal. App. 4th 915, 926 (2004).

WHCC takes issue with the number of hours Godwin's counsel submitted.  In line with its obligation to begin with the billing records submitted by prevailing party's counsel, the Court has carefully reviewed Godwin's counsel's billing statements.  *See Horsford v. Bd. of Trustees*, 132 Cal. App. 4th 359, 395 (2005).  Having done so, it agrees with WHCC that there is "a clear indication the records are erroneous," *id.* at 396, as there is significant evidence of padding: The billing statements provided are laden with entries for excessive amounts of time and duplicative efforts by Godwin's counsel.  The Court, accordingly, greatly reduces the number of hours submitted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00555-JLS-DFM                      Date: October 20, 2021
Title: Lauree Godwin v. World Healing Center Church, Inc.

As a threshold matter, the Court will use WHCC's method of allocating time evenly between block-billed tasks.[2] Although Godwin contends that it is inappropriate to use WHCC's method of dividing the amount of time expended evenly among different tasks entered in the same billing entry, Godwin cites no case law identifying a problem with this method and provides no persuasive reason why the Court should reject it. Godwin cites *ACLU of Georgia v. Barnes*, 168 F.3d 423 (1999), but that case specifically "accept[ed] the defendants' method for parceling out hours to tasks," and it chose to rely on the resulting numbers. *Id.* at 429. There, the defendants "responded to the imprecision of the records by dividing the total hours billed by an attorney on a given day by the number of tasks listed and then assigning an equal amount of time to each task." *Id.* The Eleventh Circuit noted that the "imprecision of the billing records submitted by the plaintiffs makes it difficult, if not impossible, to calculate with any precision the number of hours an attorney devoted to a particular task in this litigation," as the "records often lump together all tasks performed by an attorney on a given day without breaking out the time spent on each task." *Id.*

The same is the case here. WHCC and the Court have no other way to estimate how much time counsel spent on individual tasks here. For instance, on July 20, 2020, LaCour billed 3.2 hours for

> Receipt and review of team correspondence re Godwin v. BHM. Receipt and review of notice of filing. Receipt and review of correspondence from

---

[2] The Court overrules Godwin's evidentiary objections to the Stiefel Declaration. (*See* (Reply, Doc.15, at 3); (Pl's Objections to Evidence re Def's Opp. to Pl's Mot. for Award of Attorneys' Fees, Doc. 15-2).) Godwin objects to the declaration on the ground that Stiefel "has no knowledge of the underlying case, the correspondence between counsel, the litigation history, and/or discovery disputes." (Reply at 3.) But Stiefel does not need knowledge of the underlying case to opine on counsel's billing statements; he need only have reviewed those statements and employed an appropriate and reliable methodology. The Court has reviewed Stiefel's work and finds no indicia of unreliability and takes no issue with Stiefel's methodology for the reasons set forth below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00555-JLS-DFM  Date: October 20, 2021
Title:  Lauree Godwin v. World Healing Center Church, Inc.

>  Defendants' counsel Miles Archer Woodlief including a complaint.  Review of complaint.  Internal meeting re case strategy.

(LaCour Decl., at ECF 13.)  The Court has no other means of determining how much time was spent on one task versus another.  Accordingly, although the Court has independently reviewed Godwin's billing statements, it will look to Defendant's calculations regarding how much time was spent on each task, and in turn, the various categories of tasks in making its determinations as to whether that time was reasonably spent.

Looking to the categories of work that Defendants have identified, first, the Court takes issue with the hours billed for internal conferencing and communications.  In fact, the Court has never seen such excessive billing for internal conferences and finds the time counsel alleges to have spent conferencing grossly disproportionate to the substantive legal work performed in this case.  As estimated by WHCC's expert and supported by the billing statements themselves, Plaintiff's counsel claims 116.45 hours for internal conferencing and communicating among themselves.  (Ex. D to Stiefel Decl., Doc. 14-1, at ECF 42-53.)  This total is entirely unreasonable given the amount of substantive work required for this case.  Godwin filed a twenty-page complaint, and although a Motion to Dismiss was filed, Godwin accepted a subsequent Offer of Judgment before filing any Opposition.  Although there was some written discovery propounded, no depositions were taken, no other substantive motions were filed in this case, nor did counsel ever make an appearance before the Court.  What is more, nearly every entry for internal conferencing or communication is duplicate or triplicate, and nearly every entry is an unreasonable amount of time for the task performed.  Having reviewed the billing statements provided by Godwin, and the declarations supplied by WHCC, the Court will award Godwin 15 hours of time for internal conferencing and communications split evenly among LaCour, Noveck, and Galindo.  The Court finds that any additional time spent on internal conferencing and communications was "excessive, redundant, or otherwise unnecessary."  *Gonzalez*, 729 F.3d at 1203.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00555-JLS-DFM                                                      Date: October 20, 2021
Title:  Lauree Godwin v. World Healing Center Church, Inc.

      Second, the Court takes issues with the duplicate and triplicate entries for substantive legal work.  "[P]adding in the form of inefficient or duplicative efforts is not subject to compensation."  *Ketchum*, 24 Cal. 4th at 1132 (internal quotations omitted). Godwin's billing statements make clear that counsel did not use appropriate billing judgment.  LaCour, the attorney with the highest rate on the case, regularly billed for the same tasks for the same amount of time on the same day as Galindo, the paralegal.  While it would be reasonable for LaCour to supervise Galindo's handling of certain tasks, it is not reasonable for both individuals to bill for performing the same tasks.  (*See, e.g.*, (Ex. C to Stiefel Decl., Doc. 14-1, at ECF 39 (August 17, 2020 identical entries for LaCour and Galindo for 1.7 hours each)); (*id.* (September 17, 2020 identical entries for LaCour and Galindo for 2.0 and 1.6 hours each)); (*id.* at 39-40 (March 11, 2021 identical entries for LaCour and Galindo for 4.6 hours each)); (*id.* at 40 (March 12, 2020 identical entries for LaCour and Galindo with LaCour billing 3.3 hours and Galindo billing 3 hours)).) What is more, in a number of instances, Noveck billed for the same work as well.  (*See, e.g., id.* (March 11, 2021 nearly identical entries for Galindo, LaCour, and Noveck).) Accordingly, the Court will reduce the hours spent performing substantive work by 30%, for a total of 20.3 hours.

      Third, the Court takes issue with the amount of time billed for client communications.  As calculated by Stiefel, counsel submits 80.5 hours for time spent communicating directly with Godwin.  (Ex. E to Stiefel Decl., Doc. 14-1, at ECF 60.)  As stated above, little substantive work was performed in this case.  Accordingly, over eighty hours of time spent communicating with the client is wholly unreasonable.

      As with the previous billing categories, a bulk of the entries are duplicate or triplicate, and even assuming that such a practice was appropriate, the entries are impermissibly vague.  Billing entries must provide the Court sufficient detail to evaluate what work was performed.  *See Ctr. for Food Safety v. Vilsack*, 2011 WL 6259891, at *8 (N.D. Cal. Oct. 13, 2011) (entries are too vague when the court cannot discern how they are attributable to the case at hand); *Santiago v. Equable Ascent Fin.*, 2013 WL 3498079, at *5 (N.D. Cal. July 12, 2013) (descriptions that consist only of "conferences,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00555-JLS-DFM            Date: October 20, 2021
Title: Lauree Godwin v. World Healing Center Church, Inc.

"telephone calls," or "review of documents" are too vague to review). In particular, courts have rejected fee awards for entries that "fail to identify the subject matter of the documents reviewed or the topic of conversation in a telephone conference." *Wilder v. Bernstein*, 1998 WL 323492, at *6 (S.D.N.Y June 18, 1998); *see also In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990) (time entries in which "no mention is made of the subject matter of a meeting, telephone conference or the work performed" are "not adequately documented"). Here, such entries abound. (*See, e.g.*, (LaCour Decl. at ECF 11 (April 14, 2020 and April 15, 2020 entries stating only "Telephone call with Plaintiff.")); (*id.* at ECF 11-12 (May 11, 2020, May 20, 2020, May 22, 2020, May 23, 2020, May 24, 2020, May 25, 2020, May 27, 2020, and May 28, 2020 entries reading only "Email correspondence with Plaintiff.").) Indeed, it is difficult to identify a single entry describing the subject matter of the correspondence with Plaintiff. This is unacceptable, and the Court cannot permit the recovery of fees for such vague billing entries. Accordingly, the Court will reduce the number of hours for client communications to 16.1 hours.

       Fourth, the Court takes issue with the number of hours billed for opposing counsel communications. As calculated by Stiefel, counsel submits 43 hours for time spent communicating with WHCC's counsel. According to counsel for WHCC, communications with opposing counsel were limited. (*See* (Bulthuis Decl., Doc. 14-2, at ECF 3 (describing correspondence "as limited" explaining that "it primarily concerned negotiating extensions of discovery deadlines and meeting and conferring regarding Defendants' discovery responses," and estimating that there were "about five phone calls between counsel" with none being "longer than fifteen minutes")); (Ex. A to Bulthuis Decl., at ECF 6-56 (attaching counsel's email correspondence)); (Woodlief Decl., Doc. 14-4, at 2 ("I spent a total of 11.5 hours on work related to Godwin's case against my client," and the representation included "no court appearances, no depositions, no motions filed, and limited correspondence between counsel")); (Anthony Decl., Doc. 14-3, at 2 ("On or about June 11, 2020, I prepared and transmitted a letter to Godwin outlining my client's claims, directing her to cease and desist her actions . . . . Other than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00555-JLS-DFM                                                             Date: October 20, 2021
Title:  Lauree Godwin v. World Healing Center Church, Inc.

my June 11, 2020 letter, I had no interaction with Godwin or her attorneys, and I was never counsel of record for the litigation of this case[.]").)  To expend 43 hours communicating with opposing counsel is simply not reasonable given the limited nature of this case, and even to the extent it was reasonable for both attorneys and the paralegal on this case to bill for the same correspondence, the total amount of time spent was "excessive" or "otherwise unnecessary."  Accordingly, the Court will reduce the number of hours reasonably billed for communicating with opposing counsel to 10 hours.

      Finally, the Court takes issue with the time counsel billed performing non-billable administrative tasks, such as calendaring, scheduling, filing and serving documents, and reviewing the court docket.  As calculated by Stiefel, Counsel submits 17.4 hours for time spent performing such tasks.  This time is not properly billable as attorney fees.  *See Williams v. United Airlines, Inc.*, 2019 WL 8631848, at *3 (C.D. Cal. Oct. 28, 2019) ("[A]ttorneys and paralegals may not legitimately bill for clerical or secretarial work." (quoting *Reyna v. Astrue*, 2011 WL 6100609, at *2 (E.D. Cal. Dec. 6, 2011)); *Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp.2d 1093, 1105 (N.D. Cal. 2010) ("Clerical and secretarial work is not compensable as attorneys' fees. . . . Thus, the calendaring, docketing and clerical work hours are not compensable."); *Jones v. Wild Oats Market, Inc.*, 467 F. Sup. 2d 1004, 1016 (S.D. Cal. 2006) (time spent on "filing, document organization and other clerical matters . . . should instead be accounted for by a law firm's overhead and deemed to be included in the attorney's hourly rate.").  As counsel for Godwin did not respond to this argument in its Reply, the Court will not award fees for this work.

      Accordingly, the Court will allow for the award of reasonable attorneys for the hour amounts as follows: (1) 15 hours for internal conferencing; (2) 20.3 hours for substantive legal work; (3) 16.1 hours for client communications; (4) and 10 hours for opposing counsel communications; and (5) 0 hours for clerical work.  Thus, Godwin's counsel is entitled to bill for a total of 61.4 hours for their work on this case.  The hours will be divided and allocated between LaCour, Noveck, and Galindo based on the proportion set forth in Godwin's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00555-JLS-DFM  Date: October 20, 2021
Title: Lauree Godwin v. World Healing Center Church, Inc.

### 2. Reasonable Rates

In calculating the lodestar, "the district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). This determination "is not made by reference to rates actually charged the prevailing party." *Id*. The fee applicant bears the burden of showing that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 980 (9th Cir. 2008) (citation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990). Courts may also "rely on [their] own familiarity with the legal market." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). As a general rule, the forum district represents the relevant legal community. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Godwin's counsel requests the following rates: LaCour submits that his hourly rate is $675, Noveck submits that her hourly rate is $425, and Galindo submits that her hourly rate is $245. (Mot. at 22.) In support of these rates, Godwin's counsel submits a National Law Review Chart detailing the billing rate of partners at the largest law firms in the country, based primarily on New York rates. (Ex. 4 to LaCour Decl., at ECF 43-44.) Counsel also submits a National Law Journal estimate that of all firms surveyed across the country, the average billing rate for partners was $604, as well as another National Law Journal article discussing the large law firms with the highest partner billing rates in the country. (Ex. 4 & 5 to LaCour Decl., at ECF 45-47.) Lastly, counsel submits the "Laffey Matrix," which calculates the reasonable hourly rates in the District of Columbia for attorneys' fee awards. (Ex. 7 to LaCour Decl., at ECF 56.) While each of Godwin's attorneys represents he or she was recently awarded rates comparable to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00555-JLS-DFM  Date: October 20, 2021
Title: Lauree Godwin v. World Healing Center Church, Inc.

those requested now by a Los Angeles Superior Court judge earlier this year, (*see* (LaCour Decl., at ECF 4); (Noveck Decl., at ECF 3); (Galindo Decl., at ECF 2)), the declarations provide no specific information about the case, or whether this single award is consistent with what other courts have awarded counsel.

Accordingly, Godwin's counsel has provided the Court with little evidence to support that its rates correspond to the prevailing rates in the relevant legal community: that is, employment plaintiffs' attorneys in the Los Angeles and Orange County area. The Court will reduce counsel's rates by 10% and award LaCour an hourly rate of $607.50, Noveck a rate of $382.50, and Galindo an hourly rate of $220.50.[3]

### 3. Lodestar Calculation

Based on the above reductions, the Court calculates the baseline lodestar as follows: (1) LaCour is entitled to compensation for 26.8 hours at a rate of $607.50 for a total of $16,281; (2) Noveck is entitled to compensation for 13.5 hours at a rate of $382.50 for a total of $5,163.75; and (3) Galindo is entitled to compensation for 21.2 hours at a rate of $220.50 for a total of $4,674.60. Accordingly, the baseline lodestar total is $26,119.35.

### 4. Lodestar Adjustment

Godwin's counsel asserts that a 1.5x lodestar enhancement is necessary given the circumstances of this case including: contingent risk, preclusion of other work, and skill in presenting the issue. (Mot. at 22.) WHCC counters that not only is an enhancement

---

[3] These rates are still greater than those awarded to counsel in similar cases. *See Castillo v. Troon Enter., Inc.*, 2021 WL 37712124, at *3 (C.D. Cal. Jan. 8, 2021) (awarding partner a rate of $550 per hour and associate a rate of $350 per hour in a single-plaintiff employment action); *Bastida v. Zairi*, 2021 WL 4452937, at *4 (Cal. Ct. App. Sept. 29, 2021) (affirming award based on $410 hourly rate in single-plaintiff employment action).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00555-JLS-DFM     Date: October 20, 2021
Title: Lauree Godwin v. World Healing Center Church, Inc.

not warranted, but the Court should use the multiplier to decrease the lodestar to 40% of its value. (Opp. at 12-15.)

Once the Court has fixed the lodestar figure, it may "increase or decrease that amount by applying a positive or negative 'multiplier' to take other factors into account." *Rey v. Madera Unified Sch. Dist.*, 203 Cal. App. 4th 1223, 1242 (2012). Such factors may include: (1) "the novelty and difficulty of the questions involved;" (2) "the skill displayed in presenting them;" (3) "the extent to which the nature of the litigation precluded other employment by the attorneys;" and (4) "the contingent nature of the fee award." *Id.* (quoting *Serrano v. Priest*, 20 Cal.3d 25, 49 (1977)).

Having reviewed Godwin's Motion, the Court concludes that preclusion of other work and the difficulty of issues and skill displayed do not support an increased multiplier. LaCour's own declaration supports that Covid-19-related lawsuits, not the handling of Godwin's case, caused counsel to turn away other work. (*See* LaCour Decl., at ECF 4-5 (citing emails sent to prospective clients reading "Unfortunately, our firm has currently reached capacity due to COVID related lawsuits and are not scheduling consultations at this time and cannot accept clients for a short while.").) Moreover, Godwin's counsel did not explain how this case presented particularly difficult issues, other than that "Plaintiff overcame bad odds," (Mot. at 25), nor does counsel cite any examples of their own skill in securing the $30,000 judgment.

The fact counsel performed work pursuant to a contingency agreement, however, favors the application of a positive multiplier. "[T]he unadorned lodestar reflects the general local hourly rate for a *fee-bearing case*; it does *not* include any compensation for contingent risk," or other factors. *Ketchum*, 24 Cal. 4th at 1138. The purpose of fee enhancement is "to compensate the attorney for the prevailing party at a rate reflecting the risk of nonpayment in a contingency cases[.]" *Id.* Although the fee rates awarded to counsel also serve to compensate for contingent risk, the Court will also apply a 1.2x multiplier to the lodestar, for an attorneys' fee award of $31,343.22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00555-JLS-DFM　　　　　　　　　　　　　　Date: October 20, 2021
Title: Lauree Godwin v. World Healing Center Church, Inc.

### B. Costs

Although Godwin's counsel technically requests costs in its motion, (*see* Mot. at 9, 25), it makes no argument in support of recovering such costs. What is more, Local Rule 54.2 provides that: "To request that any allowable costs be taxed, a prevailing party entitled to costs under F.R.Civ.P. 54(d)(1) must file an Application to the Clerk to Tax Costs as required by L.R. 54-2.1." It appears that Godwin's counsel served a Memorandum of Costs on opposing counsel, (*see* Ex. 6 to LaCour Decl., at ECF 53), but there is no indication counsel filed an Application to the Clerk; accordingly, Godwin cannot recover costs in this action. *See Kline v. J2 Global, Inc.*, 2019 WL 4137617, at *1 (C.D. Cal. 2019) ("Plaintiff's failure to file a timely application to the clerk to tax costs necessitates the conclusion that Plaintiff has relinquished his ability to recover costs in this action.").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's Motion for Attorney Fees. The Court awards $31,343.22 in attorney fees. The Court DENIES the request for costs. Plaintiff is ordered to file a proposed amendment to the Judgment (Doc. 12) for the award of attorney fees within 7 days.

　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: mku